———o———

## No. 4344.

Court of Appeal, Parish of Orleans.

## HENRY BLOCK & CO., LTD., VS. JOSEPH PAPANIA.

1. Since the enactment of Act 78 of 1888, amending Art. 3538 R. C. C., a verbal promise to pay an account, made before prescription has accrued, is not sufficient to interrupt prescription.
2. To say, as does the statute, that prescription ceases to run only when the account has been acknowledged in writing, is equivalent to saying that prescription continues to run until such an

acknowledgment in writing has been made.

Appeal from Civil District Court, Division D.

G. Lemle & I. R. Saal, for Plaintiff and Appellant.

A. J. Rossi, Theo. Cotonio, for Defendant and Appellant.

DUFOUR, J. The plaintiff sues on an account and is met by the plea of prescription of three years.

The account is on its face prescribed, but the testimony is conclusive that the defendant on several occasions before prescription had accrued verbally promised to pay the debt.

The question of law presented is: Does a verbal promise to pay an account, made before prescription has accrued, interrupt prescription?

In the case of Mayer vs. Favrot, No. 1577 of our docket, we had occasion to discuss Act. 78 of 1888, amending Art. 3538, R. C. C., and stated our conclusions in the following language:

"The Article, that is the portion pertinent to this issued originally read: 'The following actions are prescribed by three years.

That on all other open accounts.

This prescription only ceases from the time there has been an account acknowledged, a note or bond given, or an action commenced.

The amendment consisted in striking out the word "open," and in inserting after the word "acknowledged" the words "in writing."

The jurisprudence under the original article was that an account which had been *orally* acknowledged was no longer an *open,* but a closed *account,* and became a personal debt prescribed by ten years.

11 A. 473; 13 A. 160; 14 A. 653; 21 A. 680; 20 A. 118; 23 A. 785; 38 A. 902.

In the case of Davis vs. Houren, 10 R. 402, the Supreme Court had occasion to construe Articles 3499 and 3500 C. C. (now) Articles 3534 and 3535 R. C. C. containing the same provisions as Article 3538 R. C. C. to the effect that the prescription "ceases from the time when there has been an account acknowledged, a note or bond given, or a suit instituted."

The Court concluded that the short prescription ceased because a receipt had been given, and that this was acknowledgment which placed the claim upon the footing cf any other personal debt.

And in answer to the contention that the receipt *only interrupted* the prescription of the year that was running against his claim, and that the *same* prescription still applied and must be computed from the date of the receipt, the Court said: "In the present case, the receipt or written acknowledgment of the captain produces, in our opinion, the same effect as an account acknowledged; that is, it takes the debt out of the prescription of one year, and places it under the operation of that established by Art. 3508 of the Civil Code, (10 years)." When the legislature retained these words in the Act of 1888, it must be presumed that it did so with full knowledge of the judicial meaning impressed upon them.

It is clear that, under the language used, "this prescription," i. e., three years *ceases;* it is equally clear that, when *it* ceases, either another begins or the debt becomes imprescriptible. But as the statutory substitute for the account *whether* open or stated and verbally acknowledged is an acknowledgment in writing, it is reasonable to assume that the change of prescription occurring is in consonance with the change in the character of the obligation.

This giving rise to a personal action no longer enumerated in the shorter prescription, falls within the terms of Art. 3544 R. C. C. (3508 C. C.) establishing the prescription of ten years.

Had the lawmakers intended to destroy existing jurisprudence and to prescribe all accounts by three years, without condition or reservation and *however acknowledged,* such intention would surely have been unequivocally declared.

The purpose would have been accomplished by striking out the word "open" and omitting the rest of the Article; and the retention of the latter is therefore conclusive against any such theory.

We think it more in accordance with reason to assume that the aim of the act was to put an end to the uncertainty so frequently arising as to whether or not accounts had been verbally acknowledged, and to provide an *exclusive* method of *proof* of acknowledgment.

A fair interpretation of the Act of 1888 warrants the view that, under its terms, all accounts are prescribed by three years, whether open, stated or verbally acknowledged, but that the *acknowledgment in writing* of an account brings the obligation within the operation of the prescription of ten years."

See also Marcade "de la prescription, P. 117."

"Defendant's contention leads to a *reductio ad absurdum,* for if it be correct, a *note* or *bond* given in settlement of an account would be prescribed by three years.

This result must be conclusive in favor of the view that the new prescription arising after the old has ceased, depends upon the nature of the obligation given in recognition of the account."

We think that the views just expressed, if carried to their legitimate conclusion, are decisive of the present issue.

It was the evident purpose of the Act of 1888 to establish an exclusive method of arresting the current of prescription on all accounts, to-wit, by an acknowledgment in writing.

To say that prescription ceases to run only when the account has been acknowledged in writing, is equivalent to saying that it continues to run until such an acknowledgment in writing is made.

We further venture the opinion that it was the intention of the legislature to surround accounts with safeguards similar to our Statute of Frauds (R. C. C. Art. 2278) and to place the interruption of prescription of accounts on the same footing as the renunciation of an acquired prescription in the instances mentioned in that article.

The judgmet appealed from maintained the plea of prescription.

Judgment affirmed.

Dec. 30, 1907.

Moore, J., dissents.

Rehearing refused Feb. 10, 1908.

Writ granted by Supreme Court March 24, 1908.

Decree Supreme Court, remanding to Court of Appeal June 4, 1908.